**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CRISS PROPERTIES LLC | ) | Chapter 11 |
| Debtor | ) | |
| | ) | Case No. 14-23481 |
| | ) | |
| | ) | Hon. Jacqueline P. Cox |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on Tuesday, March 8, 2016 at the hour of 9:30 a.m., I shall appear before the Honorable Jacqueline P. Cox, or any judge sitting in her stead, in Courtroom 680 of the United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois and then and there present the REORGANIZED DEBTOR'S MOTION FOR FINAL DECREE CLOSING CASE**,** which is attached.

Respectfully submitted,

/s/Jonathan D. Golding
Jonathan D. Golding
Attorney for the Reorganized Debtor

Jonathan D. Golding, Esq. (ARDC# 6299876)
THE GOLDING LAW OFFICES, PC
500 N. Dearborn Street, 2nd Floor
Chicago, IL 60654
Tel: (312) 832-7892
Fax: (312) 755-5720
Email: jgolding@goldinglaw.net

STATE OF ILLINOIS          )
                           )
COUNTY OF COOK             )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused a copy of the REORGANIZED DEBTOR'S MOTION FOR FINAL DECREE CLOSING CASE with attached proposed order to be filed with the Clerk of the U. S. Bankruptcy Court, Northern District of Illinois, using the CM/ECF filing system on this 1st day of March, 2016, by electronic notification via the ECF system to the United States Trustee and to registered parties and by mailing postage pre-paid with the U. S. Post Office at 500 N. Dearborn Street, Chicago, IL 60654 and facsimile where indicated to parties on the following notice list:

VIA ECF:

Greenwich Investors XLIX Trust 2015-1
c/o Kevin Purtill, Esq.
Chuhak & Tecson PC
30 S Wacker Drive, 6th Flr.
Chicago, IL 60606

VIA US MAIL:

Cook County Treasurer
118 N. Clark St., Suite 112
Chicago, IL 60602

John J. Hoevel, Esq.
Hoevel & Assoc. P.C.
3725 N Western Ave.
Chicago, IL 60618

Law Office of Dennis M. Nolan P.C.
221 West Railroad Avenue
Bartlett, IL 60103

Wolf & Tennant
33 North Dearborn St.
Suite 800
Chicago, IL 60602

                                        /s/Jonathan D. Golding

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CRISS PROPERTIES LLC | ) | Chapter 11 |
| Debtor | ) | |
| | ) | Case No. 14-23481 |
| | ) | |
| | ) | Hon. Jacqueline P. Cox |

### REORGANIZED DEBTOR'S MOTION FOR ENTRY OF A

### FINAL DECREE CLOSING CASE

Reorganized debtor Criss Properties, L.L.C., (the "*Reorganized Debtor*"), by and through its undersigned counsel, hereby moves this Court (this "*Motion*") for entry of a final decree, substantially the form attached hereto (the "*Proposed Final Decree*").  In support of this Motion, the Reorganized Debtor respectfully states as follows:

### Jurisdiction

*1.*     The Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

*2.*     Venue in this Court is proper under 28 U.S.C. § 1408.

*3.*     The statutory bases for the relief requested herein are section 350 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the *"Bankruptcy Code"),* Rule 3022 of the Federal Rules of Bankruptcy Procedure (the *"Bankruptcy Rules"),* and Rule 3022-1 of the Local Bankruptcy Rules of this Court (the *"Local Rules").*

### Background

I.     The Chapter 11 Case and Confirmation of the Plan

3

*4.*    On June 24, 2014 (the *"Petition Date"),* the Reorganized Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Reorganized Debtor continued in the management and possession of its business as debtor in possession throughout this chapter 11 case. No trustee or examiner has been appointed in this chapter 11 case. No committee has been appointed or designated.

*5.*    On September 22, 2014, the Court entered an order [Docket No. 118] (the *"Confirmation Order")* that, among other things, confirmed *Criss Properties, L.L.C.'s Fourth Amended Plan of Reorganization* [Docket No. 93] (the *"Plan").[1]* In accordance with the terms of the Plan, the Plan became effective on October 22, 2015 (the *"Effective Date").*

II.    <u>Status of the Chapter 11 Case</u>

*6.*    Since the Effective Date, the Reorganized Debtor has worked diligently to implement the Plan and conclude this chapter 11 case. The following provides the status of the chapter 11 case and distributions under the Plan.

*7.*    *Implementation of the Plan.* On the Effective Date, among other things, all property of the chapter 11 estate vested in the Reorganized Debtor. The Reorganized Debtor has emerged from chapter 11 protection and has continue to operate its business and manage its property in the ordinary course.

*8.*    *Administrative Claims, Priority Tax Claims, and U.S. Trustee Statutory Fees.* The

---

[1] Capitalized terms used as defined terms herein and not otherwise defined shall have the meanings ascribed to them in the Plan.

Reorganized Debtor has paid, and continues to pay, all Administrative Claims and the U.S.

Trustee's fees as and when those amounts come due.

9.     *Cure Claims.* The Reorganized Debtor has no cure claim obligations.

10.     *Class 1 Secured Claim of The Cook County Treasurer.* The Reorganized Debtor

has commenced and continues to make payments to this creditor pursuant to the terms of Article

5.02 of the Plan.

11.     *Class 2 Secured Claim of CRE Ventures 2011 LLC.* The Reorganized Debtor has

commenced and continues to make payments to this creditor's assignee Greenwich Investors

XLIX Trust 2015-1 pursuant to the terms of Article 5.02 of the Plan.  This creditor has been

provided with a Deed In Lieu Of Foreclosure to be held in escrow pursuant to Article 8.08 of the

Plan.  The Reorganized Debtor and the Class 2 Creditor are continuing to negotiate certain

documents and agreements related to the Deed In Lieu Of Foreclosure.

12.     *Class 3 Unsecured Claim of CRE Ventures 2011 LLC.* The Reorganized Debtor

has commenced and continues to make payments to this creditor's assignee Greenwich Investors

XLIX Trust 2015-1 pursuant to the terms of Article 5.02 of the Plan.

13.     *Class 4 General Unsecured Claims.* The Reorganized Debtor has commenced

quarterly payments to General Unsecured Creditors as required under the Plan and shall make

future quarterly payments as required under the Plan.

14.     *Class 5 Insider Unsecured Claims.* Payments to this class shall be made as

balloon payments on the fifth anniversary of the first day of the first calendar quarter following

the Effective Date pursuant to Article 5.02 of the Plan.

15.    *Class 6 Equity Claims.* Pursuant to the Plan, Class 4 Equity Interests are not entitled to a distribution. The members of this class have deposited the New Value Contribution of $20,000.00 as required under Article 8.02 of the Plan, and commenced Continuing Payments as required under Article 8.03 of the Plan.

<u>Relief Requested</u>

16.    By this Motion, the Reorganized Debtor respectfully requests that this Court issue a final decree substantially in the form of the Proposed Final Decree closing this chapter 11 case pursuant to section 350 of the Bankruptcy Code and Bankruptcy Rule 3022.

<u>Basis for Relief</u>

I.    <u>Standard for Closing a Chapter 11 Case</u>

17.    Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 V.S.C. § 350(a). Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Bankruptcy Rule 3022.

18.    The term "fully administered" is not defined by either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Notes to Bankruptcy Ru1e3022,however, set forth the following non-exclusive list of factors to be considered to determine whether a case has been fully administered: (a) whether the order confirming the plan has become final; (b) whether deposits required by the plan have been transferred; (c) whether the property proposed by the

6

plan to be transferred has been transferred; (d) whether the debtor [or its successor] has assumed

the business or management of the property dealt with by the plan; (e) whether payments under

the plan have commenced; and (f) whether all motions, contested matters and adversary

proceedings have been finally resolved.

19.   These six factors, however, are merely guidelines that aid a court's determination,

and each of the factors need not be present before a court enters a final decree. *See In re Mold*

*Makers, Inc.,* 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990). In particular, courts have held that

open related adversary proceedings, for example, should not be enough to prevent closure of a

bankruptcy case. *See, e.g., In re IMP-Newcor Inter 'I, Inc.,* 225 B.R. 462, 465 (Bankr. N.D. Ill.

1998) (Barliant, J.) (where the only matters remaining are certain disbursements and an

adversary proceeding, case can be closed); *In re McClelland,* 377 B.R. 446, 453 (Bankr.

S.D.N.Y. 2007) (if an estate is otherwise fully administered, one adversary proceeding should

not delay closing case); *In re Union Home & Indus., Inc.,* 375 B.R. 912, 918 (lOth Cir. BAP

2007) (same). Courts have also found that it is not necessary to complete a final distribution

under a plan of reorganization to close a case. *See, e.g., JMP-Newcor Inter 'I,* 225 B.R. at 465;

*Jay Bee Enters.,* 207 B.R. 536,538 (Bankr. E.D. Ky. 1997).

## II.   It Is Appropriate to Close the Chapter 11 Case.

20.   The Reorganized Debtor's estate has been fully administered within the meaning

of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree

closing the chapter 11 case. The confirmation order became final and non-appealable on or about

October 22, 2015. Moreover, the Plan has been substantially consummated: (a) the Reorganized

Debtors have received the property to which they are entitled under the Plan; (b) the Reorganized

Debtors have assumed the business and management of that property; and (c) the Reorganized

Debtors have made the other distributions due and payable under the Plan.

*21.*     Moreover, leaving the chapter 11 case open will cause the Reorganized Debtors to

incur substantial quarterly U.S. Trustee fees. *See* 28 U.S.C. § 1930. If the chapter 11 case is not

closed, the Reorganized Debtor will be required to continue paying quarterly fees to keep the

case open. These quarterly fees are a significant burden upon the Reorganized Debtor and (given

the status of the chapter 11 case) are an inefficient use of resources. Accordingly, there is ample

justification for entry of a final decree closing the chapter 11 case at this time.

WHEREFORE, the Reorganized Debtor respectfully requests that this Court enter a final

decree substantially in the form of the Proposed Final Decree (a) closing this chapter 11 case and

(b) granting such other and further relief as this Court deems appropriate.

Respectfully submitted,

By: /s/ Jonathan D. Golding
Jonathan D. Golding
Attorney for Criss Properties L.L.C.

Jonathan D. Golding, Esq. (ARDC# 6299876)
THE GOLDING LAW OFFICES, PC
500 N. Dearborn Street, 2nd Floor
Chicago, IL 60654
Tel: (312) 832-7892
Fax: (312) 755-5720
Email: jgolding@goldinglaw.net

8